# Masich *et al.* *v.* Shearer.

*Bill in Equity to enforce Vendor's Lien for Purchase Money of Land.*

*When purchaser is chargeable with notice of outstanding vendor's lien.* — When a purchaser is in possession of land under a deed which has never been recorded, but which shows, by its recitals, that the purchase money was not paid at the time it was executed, a sub-purchaser from him is chargeable with notice of the outstanding vendor's lien for the unpaid balance of the purchase money.

APPEAL from the Chancery Court at Mobile.

Heard before the Hon. ADAM C. FELDER.

The bill in this case was filed on the 28th day of July, 1869, by Mrs. Martha A. Shearer against Peter Horta, Francis Masich, and David Jackson ; and sought to enforce a vendor's lien on a certain tract of land, for the unpaid balance of the purchase money.  The land was sold and conveyed to the complainant by Thomas T. Bolling, by deed dated November 7th, 1855, and recorded January 9th, 1856 ; and was by her sold and conveyed to said Horta, in November, 1863, by deed which

[Masich *v.* Shearer.]

was duly executed and delivered, but never recorded, and which recited as its consideration " the sum of seven thousand dollars to her by the party of the second part paid thus — by giving his three promissory notes, of even date herewith, each for $2,333.33, the first payable two, the second four, and the last six months after date." Horta went into possession of the land, and paid the first and second notes falling due ; and in November, 1866, he sold and conveyed the land to Masich, by deed, with full covenants of warranty, in consideration of ten thousand dollars, being a partial payment of an antecedent debt due by him to said Masich ; and this deed, in describing the land, recited that it was the same land conveyed to said Horta by Thomas T. Bolling. Afterwards, on the 12th November, 1866, Masich executed a mortgage on the land, to secure the payment of a debt of ten thousand dollars due to said Jackson, who resided in New Orleans ; and on the 28th December, 1868, conveyed it absolutely to said Jackson in payment of this debt. Masich and Jackson filed answers to the bill, denying all knowledge or notice on their part of the lien asserted by the complainant. On final hearing, on pleadings and proofs, the chancellor rendered a decree for the complainant, and his decree is now assigned as error.

E. S. DARGAN, for appellants. — It is not pretended that Jackson or Masich had actual notice of the complainant's equity ; and the only question is, whether they are chargeable with constructive notice. It may be admitted that a purchaser is bound by all the recitals in a deed which he has seen, or which he has in his possession ; but he is not bound by extraordinary or uncommon recitals in a deed which has never been recorded, and which he has never seen, unless it is shown that he wilfully neglected to examine it, in order to avoid notice of some latent equity. *Jones* v. *Smith*, 1 Hare, Eng. Ch. 43 ; which was affirmed on appeal, 1 Phillips, 244 ; 3 Sugden on Vendors (10th ed.), 471, 472. The registration laws were intended to protect innocent purchasers ; and a purchaser is not required to make any inquiries about a deed which is not recorded, and which he has never seen or heard of. *Rogers* v. *Kavanaugh*, 24 Ill. 583 ; 31 Cal. 180.

THOS. H. PRICE & L. GIBBONS, *contra.* — 1. The answers are not sufficient to sustain the defence of a purchase for valuable consideration without notice. *Wells* v. *Morrow*, 38 Ala. 128, and cases there cited.

2. On the facts, the defendants are clearly chargeable with notice of the complainant's lien. Her deed from Bolling was recorded, and no chain of title from Bolling could be made out

except through her. Whatever is sufficient to put a purchaser on inquiry is equivalent to notice. *Phillips* v. *Costley*, 40 Ala. 490; 1 Story's Equity, § 400; 2 Equity Cases, 133; Kerr on Fraud & Mistake, 236. A purchaser is not only bound to search the records for incumbrances, but he is bound, at his peril, "to call for and examine the chain of title to the land he is about to purchase;" and if he neglects to do this, he is guilty of *crassa negligentia*, and cannot set up want of notice. *Johnson* v. *Thweatt*, 18 Ala. 741; *Newsom* v. *Collins*, 43 Ala. 656; *Bradford* v. *Harper*, 25 Ala. 337; *Brewer* v. *Brewer*, 19 Ala. 489.

B. F. SAFFOLD, J. — The appellee, being the owner of certain lands, by purchase from Thomas T. Bolling, his deed for which was made on the 7th of November, 1855, and recorded January 9th, 1856, sold the same to Peter Horta, one of the appellants, in November, 1863, executing a conveyance therefor. This deed recited that its consideration was seven thousand dollars, payable in three equal instalments, two, four, and six months from its date. It was never recorded. On the 8th of November, 1866, Horta sold and conveyed to Francis Masich, by warranty deed, in consideration of $10,000, being a partial payment of an antecedent debt. Afterwards, on the 12th of November, 1866, Masich mortgaged the land to David Jackson, to secure the payment of $10,000, — alleged to have been borrowed. In December, 1868, Masich conveyed it to Jackson in satisfaction of the mortgage debt. These last conveyances were duly recorded. The appellee, Mrs. Shearer, filed the bill to enforce a vendor's lien against the land for the payment of the last note, the first two having been paid. The chancellor decreed the relief sought.

The point of the case is, whether the subsequent purchasers, Masich and Jackson, should be charged with constructive notice of the non-payment of the purchase money by Horta to Mrs. Shearer. Neither of them seems to have been actually apprised of Mrs. Shearer's former ownership. Horta's deed to Masich recites that the property had been conveyed by Gazzam to Bolling, and by the latter to Horta; while Jackson says he purchased on the faith of Horta's deed to Masich. It is not clear from the testimony whether the consideration paid by Jackson was a present or past one.

If the vendees of Horta had seen the deed to him from Mrs. Shearer, they would certainly have known that the purchase money had not been paid at its date. The law is, that where a deed is an essential link in the chain of title purchased, a presumption of notice of its contents is raised by legal construction, which cannot be overthrown by the strongest evi-

dence that the deed never was in the possession of the pur-
chaser, and that he had no actual notice or knowledge of its
existence. *Le Neve* v. *Le Neve*, 2 Lead. Cases in Equity
(Har. & Wal.), t. p. 152. " Where a purchaser cannot make
out a title but by a deed which leads him to another fact, the
purchaser shall not be a purchaser without notice of that fact,
but shall be presumed cognizant thereof ; for it is *crassa negli-
gentia* that he sought not after it. *Moore* v. *Burnett*, 2 Ch.
Ca. 246. And it is immaterial whether the deed leads him to
the knowledge of that fact by description of the parties in
recital or otherwise. *Bisco* v. *Banbury*, 1 Ch. Ca. 287 ; *Le
Neve* v. *Le Neve*, supra, m. p. 43.

In *Jones* v. *Smith* (1 Hare's R. 431), mainly relied on by
the appellant, the purchaser was held free from blame for not
inspecting a deed which would have disclosed the existence of
the plaintiff's equity, on the ground that his only reason for
believing it to exist, or supposing it to be relevant and mate-
rial, lay in the information given to him by the vendor, which
had been coupled with a statement that the instrument related
solely to another estate, and had no reference to that for which
the parties were in treaty. Taking the allegation as a whole,
it was said to show that the deed was irrelevant and immate-
rial. A failure to examine title papers, or to make a search of
the records, is evidence of negligence. *Le Neve* v. *Le Neve*,
supra ; *Dudley* v. *Witter*, 46 Ala. 664. It results from these
authorities, and many others which might be cited, that the
appellants were properly charged with notice of the complain-
ant's equity.

The sale of two acres of the land by the United States mar-
shal is not insisted on as a defence in the argument for the ap-
pellants, and is not presented in a manner to be fully considered.
It is not probable, however, that anything more than the delin-
quent's interest in the property was attempted to be sold.

The decree is affirmed.